UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ADAM PRICE, #493716A**

    **Petitioner,**

                                                       Civil No: 06-CV-12797
                                                     Honorable Gerald E. Rosen

v.

**MARY BERGHUIS**,

    **Respondent.**

___

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

**I. Introduction**

    This matter is before the Court on Petitioner's *pro se* request for habeas relief pursuant to 28 U.S.C. §2254. Respondent filed its "Answer in Opposition to Petition for Writ of Habeas Corpus." Petitioner is a state prisoner currently confined at Deerfield Correctional Facility in Ionia, Michigan and asserts that he is in custody in violation of his constitutional rights. Petitioner's present custodian is Carmen Palmer, however, when he filed his petition, Petitioner was confined at West Shoreline Correctional Facility, where Mary Berghuis was his custodian. Petitioner pled guilty and was convicted in Clare County Circuit Court of one count of second-degree criminal sexual conduct involving the sexual assault of his 12 year-old stepson. He was sentenced to twenty months to fifteen years' imprisonment.

    Petitioner raises two claims for habeas review: (1) whether Petitioner received ineffective assistance of counsel due to his failure to investigate, his failure to interview, subpoena and call defense witnesses, and his failure to object to the sentence that was imposed; and (2) whether Petitioner's sentence was improperly scored and disproportionate. Respondent argues that

Petitioner's claims may not be considered for habeas review as his second claim is unexhausted and both claims lack merit.

Upon review of the pleadings and for the reasons set forth below, the Court will deny Petitioner's request for habeas relief.

## II. Statement of Facts

Petitioner asserts that while at his mother's home preparing to have dinner with his wife, at the time, her son and his family, he took his 12 year-old stepson upstairs to help him try on a new pair of jeans that Petitioner recently purchased for him. Petitioner claims that as he was reaching down to pick up the pair of jeans his stepson had just taken off, Petitioner's, now ex-wife, walked in and inquired about what Petitioner was doing with his face in her son's crotch. Petitioner explained that he was just picking up the old pair of jeans his stepson had just removed. Petitioner's ex-wife immediately removed her son from the room and the house. However, during his plea colloquy, Petitioner stated that "Josh was trying on some jeans, and we started wrestling around, and I started playing with his penis over his jeans for sexual contact purposes." Plea Transcript, dated 4/6/04, pg. 8. A couple of months later, Petitioner was charged with first and second degree criminal sexual conduct.

## III. Procedural History

Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising only the above referenced ineffective assistance of counsel claim. On September 19, 2005, the Michigan Court of Appeals issued an order denying Petitioner's delayed application for leave to appeal on lack of merit on the grounds. *People v. Price,* No. 261427, (Mich. Ct. App. Sept. 19, 2005). Following the state appellate court's decision, the

petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court raising the same ineffective assistance of counsel issue presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal, indicating that it was not persuaded that the issues presented should be reviewed. *People v. Price,* 474 Mich. 1093; 711 N.W.2d 365 (Mich. March 27, 2006) (Table).

Petitioner thereafter filed his federal petition for writ of habeas corpus asserting the same ineffective assistance of counsel issue, but added that his attorney was also ineffective due to his failure to object to the improper scoring and disproportionate nature of his sentence. In that same vein, and as a separate claim, Petitioner asserts that his sentence is disproportionate and was improperly scored. Respondent subsequently filed an answer arguing that Petitioner's claims may not be considered for habeas review because part of his claim is unexhausted and the other portion of his claim lacks merit.

## IV. Standard of Review

Petitioner is entitled to writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determinate of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. §2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-23 (2000). "Avoiding these pitfalls doesn't require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002)(per curiam opinion) (emphasis in original). "Further, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. §2254(e)(1)." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004).

## V. Discussion

### A. Exhaustion

As an initial matter, Respondent alleges that the habeas petition should be dismissed because Petitioner has failed to properly exhaust his habeas claims in the state courts. Specifically, Petitioner's claims that: (1) his sentence is disproportionate; (2) his sentence was improperly scored; and (3) his claim that his trial attorney provided ineffective assistance of counsel due to his failure to challenge the sentence imposed by the trial court. Federal courts may not grant a habeas corpus petition unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999) ("state prisoner must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). The burden is on the petitioner to prove exhaustion. *Rust v. Zent,* 17 F. 3d 155, 160 (1994).

4

In this case, the above referenced claims regarding Petitioner's sentence are being raised for the first time in the habeas petition presently before the Court; and the exhaustion issue is not addressed by Petitioner. Even though Petitioner has not fully exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on that basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. See *Granberry v. Greer,* 481 U.S. 129, 134-35 (1987). Therefore, although normally the failure to exhaust state court remedies requires dismissal of the entire petition, *Lyons v Stovall,* 188 F.3d 327, 333 (6th Cir.1999) (citing *Rose v. Lundy,* 455 U.S. 509, 522(1982)), the failure to exhaust state remedies is not an absolute bar to adjudication when as here, the federal claims lack merit. *Id.* at 333. Requiring additional proceedings in state court would waste time and judicial resources. *Id.*; see also 28 U.S.C. §2254(b)(2). The Court, therefore will excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of Petitioner's unexhausted claims.

### *1. Sentencing Claims*

Petitioner asserts that his sentence of twenty months to fifteen years is disproportionate and that the scoring of his sentencing guidelines was improper. The Court declines to grant habeas relief relative to these claims for two reasons.

First, Petitioner's assertion that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. See *Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F.Supp. 258, 260 (E.D.Mich.1994). It is well-established that habeas relief does not lie for perceived errors of state law. See, e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See *Oviedo v. Jago*, 809 F.2d 326, 328 (6th

5

Cir.1987). There is also no federal constitutional right to individualized sentencing. See *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Second, at the outset, this Court notes that Petitioner's sentence is within the statutory maximum set under Michigan's second degree criminal sexual conduct statute. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741 (1948). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d at 302. Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *Allen v. Stovall,* 156 F.Supp.2d 791, 795 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal review because it is basically a state law claim. *McPhail v. Renico,* 412 F.Supp.2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. See *Shanks v. Wolfenbarger,* 387 F.Supp.2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that several of the offense variables of the Michigan Sentencing Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted.

For these reasons, habeas relief cannot be granted based upon Petitioner's sentencing claims.

### B. Ineffective Assistance of Counsel

Petitioner next contends that he was deprived of the effective assistance of counsel due to three alleged shortcomings of his trial attorney: (1) his failure to investigate; (2) his failure to

6

interview, subpoena and call defense witnesses; and (3) his failure to object to the sentence imposed upon Petitioner. Although Petitioner's third basis for his ineffective assistance of counsel claim is unexhausted, for the reasons set forth above, the Court will proceed to review the merits of his entire Sixth Amendment claim. The Court rejects Petitioner's contention that he was denied effective assistance of counsel in this and its reasoning is two-fold.

### 1. Plea Agreement

First, claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. See *United States v. Broce,* 488 U.S. 563, 569 (1989).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollet v. Henderson,* 411 U.S. 258, 267 (1973). A defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. See *United States v. Broce,* 488 U.S. at 569. Petitioner pled guilty to second degree criminal sexual conduct. The extent of his challenge to the voluntary, knowing, and intelligent nature of his plea is Petitioner's bare and general statement that he was "tricked into sending [himself] to prison" and that he "trusted in [his] attorney [and was] afraid and didn't know about the sort of con that [his] attorney [was]." Habeas Petition, pg, 6.

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

7

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rending the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioner . . . from making the precise claim that is today before us. [W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.

*Ramos v. Rogers,* 170 F.3d 560, 564 (6th Cir. 1999) quoting *Baker v. United States,* 781 F.2d 85, 90 (6th Cir. 1986).

During the plea colloquy, Petitioner stated that no one coerced or pressured him into accepting the plea and that he was doing so freely and voluntarily. Plea Transcript, dated 4/6/04, pp. 6-7. He also stated that he understood everything that the trial court judge conveyed to him relative to the plea. *Id.* at 7. Moreover, Petitioner responded appropriately to the trial judge's questions, indicating comprehension of those questions. *Id.* at 3-7.

The Court finds that the trial court's conclusion that the plea was voluntarily entered was not contrary to or an unreasonable application of Supreme Court precedent. The consequences of the plea were explained to Petitioner and he indicated he understood those consequences. Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that he understood the plea. *Ramos v. Rogers*, 170 F.3d at 564.

### 2. *Merits of Ineffective Assistance of Counsel Claim*

Second, even if Petitioner's plea agreement did not foreclose his right to habeas relief on the ineffective assistance of counsel issue, the claim would not warrant habeas relief. To "establish ineffective assistance of counsel, petitioner must show that : (1) counsel's errors were so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and

(2) counsel's deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry [i.e., deficient performance and prejudice] if the defendant makes an insufficient showing on one." *Id.*

Briefly addressing each of Petitioner's points, he claims that trial counsel failed to investigate, specifically, a failure to follow up on discovery materials. Under *Strickland,* counsel has a duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. Besides Petitioner's general claim that trial counsel failed to investigate discovery, he has not demonstrated how specifically trial counsel failed to conduct a reasonable investigation of his case.

Next Petitioner asserts that trial counsel failed to call, subpoena and interview defense witnesses that he told counsel to contact. However, Petitioner does not identify the witnesses counsel could have interviewed and subpoenaed, nor has he explained how these witnesses would have assisted his defense. By his own account, only his stepson's mother witnessed seeing he and the Petitioner together. Petitioner must show that counsel's decision not to call, subpoena or interview witnesses actually prejudiced him and he must show that counsel's error was so serious as to deprive Petitioner of a fair trial, a trial whose result is reliable. *Id.* at 687. Petitioner has failed to make such a showing. Moreover, there was no trial in which to call and subpoena witnesses for testimony purposes. Therefore, the Court concludes that Petitioner is not entitled to habeas relief on this claim.

Finally, Petitioner's contention that trial counsel failed to challenge the sentence imposed by the trial court is without merit. For the reasons set forth above, the sentence imposed was within

the statutory limits of the crime with which Petitioner was charged and convicted. Petitioner has failed to demonstrate how the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent.

Therefore, Petitioner's ineffective assistance of counsel claim does not warrant habeas relief in this matter.

## VI. Conclusion

Accordingly,

IT IS HEREBY ORDERED that the Petitioner for Writ of Habeas Corpus [Doc. #1-1, filed June 22, 2006] is **DENIED**.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated: January 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager